UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-76-DLB

WILLIAM B. WHITE                                                                         PLAINTIFF

v.                              **MEMORANDUM OPINION & ORDER**

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration                                                   DEFENDANT

* * * * * * * * * * * * * * * * *

This matter is before the Court on Plaintiff William B. White's Motion to Remand. (Doc. # 6). The Commissioner filed a Response on June 28, 2018, to which White filed a Reply on July 24, 2018. (Docs. # 7 and 10). Accordingly, this matter is now ripe for review. For the reasons stated herein, Plaintiff's Motion is **denied.**

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On January 5, 2015, Plaintiff William B. White filed an application for a period of disability and disability insurance benefits, alleging disability beginning on May 30, 2014. (Doc. # 1 at 2). White was forty-seven years old at the time of filing; he alleged that he was unable to work due to heart problems, use of a pacemaker, diastolic heart failure, a thoracic ascending aortic aneurysm, anxiety, depression, dizziness, gastroesophageal reflux disease (GERD), hypertension, obesity, sleep apnea, high cholesterol, sick sinus syndrome, and gout. (Tr. 99, 123). His claims were denied initially on May 5, 2015, and again upon reconsideration on August 5, 2015. (Tr. 98, 115).

At White's request, an administrative hearing was conducted on May 16, 2017, before Administrative Law Judge (ALJ) Thuy-Anh T. Nguyen. (Tr. 12, 130). On September 29, 2017, ALJ Nguyen issued a partially favorable decision (Tr. 8-25), finding that White met the insured status requirements of the Social Security Act; furthermore, ALJ Nguyen found that White "was not disabled prior to April 26, 2017, but became disabled on that date and has continued to be disabled through the date of this decision." (Tr. 12). The ALJ's decision became the final decision of the Commissioner on March 20, 2018, when the Appeals Council denied White's request for review. (Tr. 1).

White filed the instant action on May 10, 2018, arguing that the ALJ erred by finding that White's disability onset date was April 26, 2017—rather than White's claimed onset date of May 30, 2014. (Doc. # 1 at 6). On June 15, 2018, White filed the subject Motion to Remand for further administrative action pursuant to 42 U.S.C. § 405(g). (Doc. # 6). Attaching a June 8, 2018 letter from his treating orthopedic surgeon Dr. Michael A. Grefer, White asserts that "[s]ince the filing of the Complaint . . . the Plaintiff's attorney has just received extremely probative, relevant and material medical evidence" from Dr. Grefer, which "contradicts the impressions and assumptions made by the ALJ." *Id.* at 1-2.

Specifically, White argues that the ALJ based his finding of a disability onset date of April 26, 2017 "because that is when treating orthopedic surgeon Dr. Grefer diagnosed an array of severe orthopedic medical impairments and prescribed a cane." *Id.* at 2. White claims, however, that Dr. Grefer's June 8, 2018 letter constitutes additional medical evidence which "clarifies, documents and verifies . . . that [Dr. Grefer] did not first make those findings [on] April 20, 2017, but rather they were made throughout [White's] treatment starting in 2014, and that Mr. White had needed to use a cane since 2014 as

2

instructed by Dr. Grefer." *Id.* at 3. Plaintiff contends that good cause exists to remand this case "to the Commissioner for further determination based upon this additional probative evidence which has just been received." *Id.* at 4.

## II. ANALYSIS

Remand is improper because Plaintiff failed to demonstrate a reasonable probability that the disposition of his claim would have been different if the ALJ had been presented with the opinion evidence set forth in Dr. Grefer's June 8, 2018 letter. A district court may remand a case for further administrative proceedings under these circumstances when a plaintiff demonstrates (1) new evidence, (2) that is material, and (3) there was good cause for not presenting the evidence in the prior proceedings. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). "New" evidence "must not have been in existence or available to the claimant at the time of the administrative proceeding." *Glasco v. Comm'r of Soc. Sec.*, 645 F. App'x 432, 435 (6th Cir. 2016). To demonstrate the materiality of new evidence, "a plaintiff must show that there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* at 437. Finally, "[a] claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. Plaintiff carries the burden of showing that remand is appropriate. *Id.*

Construing the first element loosely, Plaintiff has shown that the evidence is "new," in that Dr. Grefer's June 8, 2018 letter of clarification was not available to Plaintiff at the time of the administrative proceeding. Furthermore, Plaintiff was not aware of a need to clarify Dr. Grefer's opinion as to the disability onset date until the ALJ issued his decision.

3

*Glasco*, 645 F. App'x at 435. For precisely the same reason, Plaintiff has met the third element, as he has shown "good cause" for failing to present Dr. Grefer's letter in the hearing before the ALJ prior to the issuance of the ALJ's decision.

Nonetheless, remand is improper because Plaintiff failed to demonstrate the second requisite element, materiality. Plaintiff has not met his burden to show a "reasonable probability" that the clarification of the opinion evidence contained in Dr. Grefer's June 8, 2018 letter would have materially changed the outcome of the disability determination in the proceedings below. *Glasco*, 645 F. App'x at 435. First, there is not a reasonable probability that Dr. Grefer's letter would have resulted in a different disposition of Plaintiff's disability claim, because the ALJ clearly understood that Plaintiff had been using a cane as early as 2014. Dr. Grefer's letter notes that he had advised Plaintiff to use a cane long before April 26, 2017—the contested disability onset date found by ALJ Nguyen; specifically, his letter states, "Please be aware that Mr. White has indeed needed a cane since 2014 [and] [i]n my office note of 1/20/2015, I noted that I specifically instructed him to stay with using his cane and stay with his activity restrictions." (Doc. # 6-1 at 1). However, ALJ Nguyen expressly considered this information in his opinion, noting that Plaintiff "has used a cane since 2014." (Tr. 17).

More importantly, there is not a reasonable probability that the letter would have changed the disposition of Plaintiff's claim because ALJ Nguyen expressly discounted Dr. Grefer's prior opinion that Plaintiff was disabled in his written decision. The ALJ noted Dr. Grefer's "opin[ion] that the claimant was forced to stop work in June 2014," but gave the opinion "little weight." (Tr. 22). ALJ Nguyen found that Dr. Grefer's timeline was "not supported by the longitudinal record" because "the imaging, treatment record, and clinical

4

findings do not support these limitations dating back to June 2014." *Id. See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (remand improper when psychiatrist's letter "merely confirmed evidence that was already in the record . . . and the evidence would not alter the ALJ's decision that Ferguson was not disabled").

Because Dr. Grefer's June 8, 2018 letter merely restates facts previously considered by the ALJ, there is not a reasonable probability that his letter would have changed the outcome of the ALJ's decision. Therefore, Plaintiff's Motion to Remand is denied, and this matter shall move forward for briefing on dispositive motions as to whether the ALJ's decision was supported by substantial evidence and was made pursuant to proper legal standards under 42 U.S.C. § 405(g). *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007).

### III. CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** as follows:

(1) Plaintiff's Motion to Remand (Doc. # 6) is **DENIED**;

(2) Plaintiff shall move for summary judgment or judgment on the pleadings within sixty (60) days of the date of entry of this Memorandum Opinion and Order; and

(3) Defendant Commissioner shall file a counter-motion or a response within thirty (30) days of the filing of Plaintiff's motion for summary judgment or judgment on the pleadings.

This 9th day of January, 2019.



Signed By:
*David L. Bunning*  DB
United States District Judge

L:\DATA\SocialSecurity\MOOs\Covington\18-76 White MOO.docx